## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

CARL T.C. GUTIERREZ; DAVINA M ,

LUJAN and DOES A-M,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CV 0166-03

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

(Request for Attorney's Fees)

This Matter came before the Court upon the motions of the Defendants for attorney's fees. Mr. Gutierrez is represented by the Law Offices of Cunliffe and Cook (hereinafter "C & C") and Dr. Lujan is represented by the Law Offices of Lujan Aguigui & Perez LLP (hereinafter "LAP"). The Government of Guam (hereinafter "Government") is represented by Marianne Woloschuck. Defendants move this Court for an order awarding reasonable attorney's fees pursuant to 5 G.C.A. §7111 and seeks to receive reimbursement of attorney's fees expended in defending against a Proper Spending Act lawsuit.  C&C seeks $36,058.00($200/hr for 154.70 hours) in attorney's fees plus costs.  LAP seeks $92,127.66 ($150/hr for 542.19 hours) in attorney's fees and costs.

The Court having considered the record hereby enters its Findings of Fact and Conclusions of Law. To the extent that Findings of Fact, as stated, may be considered Conclusions of Law, they shall be deemed Conclusions of Law. Similarly, to the extent that matters expressed as Conclusions of Law may be considered Findings of Fact, they shall also be deemed Findings of Fact.

# I. PROCEDURAL BACKGROUND

Mr. Gutierrez and Ms. Lujan were "exonerated of any wrongdoing" on May 18, 2012 when The Guam Supreme Court "reverse[d] the trial court's holding that without the filing of a government claim and authority to settle, the expenditures were illegal, contrary to law or without proper authority to allow personal recovery against Lujan and Gutierrez.[1]"

On May 30, 2012, Defendants' moved for attorney's fees. On July 5, 2012, The Court ordered Defendants to submit their requests of reasonable attorney's fees and billing records under penalty of perjury. Defendants timely submitted declarations of fees relating to services provided by LAP and by C&C on July 19, 2012.

The Government sought an extension of time, asserting that they had not been served with the original Order for Defendants to submit their requests of reasonable attorney's fees, which was granted. On August 27, 2012, Government timely submitted its Plaintiff's Response to Defendants' Submission in Support of Request for Payment of Attorney's Fees (hereinafter, "Opposition").

# II. FINDINGS OF FACT

The Court hereby makes the following findings of fact:

1.  All of the Stipulated Facts are hereby incorporated by reference.

2.  Section 7111 of the Enforcement of Proper Government Spending Act, provides:

    > "The Attorney General's Office or the legal counsel for the government of Guam entity for whom an individual defendant works may represent individual defendants in any action brought under this Chapter. In the event that individual defendants who are officers, agents, contractors, or employees of the government of Guam have private counsel, and are later exonerated of any wrongdoing, then and in that event, the government of Guam, or the financially autonomous

---

[1] *Attorney General v. Gutierrez*, 2011 Guam 10.

government of Guam entity for which the officer or employee works, shall reimburse the defendants for their legal fees.[2]"

3. Reimbursement of legal fees must be reasonable.[3]

4. An award of attorney's fees should include time "reasonably expended" on the litigation.[4]

5. Time is not reasonably expended when:

    a.  cases are "overstaffed;[5]

    b.  "hours that are excessive, redundant, or otherwise unnecessary;[6]"

    c.  "work on unsuccessful claims;"[7] or

    d.  For work not "useful of any type ordinarily necessary" to ensure the final result in the litigation.[8]

6. The burden is on the fee applicant to demonstrate their attorney fees and costs are reasonable by submitting "[an] adequate explanation supporting the hours worked and rates claimed.[9]" Ultimately, it is within the Court's discretion to reduce an award, if the fee applicants have failed to meet their burden.[10]

7. Defendants are only entitled to hours "reasonably expended" on litigation.[11]

---

[2] 5 G.C.A. § 7111. The Territory of Guam comports to the American Rule,[2] which provides "under the American Rule parties bear their own litigation expenses, including attorney's fees." The American Rule has three general exceptions, which allow the collection of attorney's fees from an opposing party, which occur when: "(1) authorized by statute; (2) authorized by contract; (3) and/or allowed in judicially-established equitable circumstances. The Territory of Guam has authorized the collection of attorney fees by statute, namely The Enforcement of Proper Spending Act. 5 G.C.A. § 7111.

[3] Rule 1.5(a) of the Guam Rules of Professional Conduct, provides "[a] lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses." *See also* 5 G.C.A. § 7112, requiring the court to awarded "reasonable costs and attorney's fees."

[4] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[5] *Id.* at 435

[6] *Id.*

[7] *Hensley*, 461 U.S. at 435

[8] *Webb v. Bd. Of Educ. of Dyer County*, 471 U.S. 234, 235 (1985).

[9] *Hensley*, 461 U.S. at 433

[10] *Id.*

[11] "*Santos*, 2008 WL 1699448 at *35. (*citing Hensley*, 461 U.S. at 435, and *Webb v. Bd. Of Educ. of Dyer County*, 471 U.S. 234, 242, 105 S. Ct. 1923, 85 L. Ed 2d 233 (1985)).

8. Courts may reduce hours for time not reasonably expended, such as when cases are overstaffed or when hours are duplicated.[12]

9. It has been consistently found that "two professionals cannot bill for attending the same meeting...thus, when a party's counsel meets with [an]other, the Court deducts the duplicative time billed.[13]" However, discretion remains with the court to allow duplicate billing if such fees are sufficiently supported.[14]

10. Courts may reduce hours where the fee applicant has not met their burden to entitlement.[15]

### III. CONCLUSIONS OF LAW

The Court hereby makes the following conclusions of law:

1. The Court has jurisdiction over the parties and the subject matter of this case.

2. Defendants are entitled to reimbursement of legal fees pursuant to Section 7111 of the Enforcement of Proper Government Spending Act[16] since they prevailed in this matter and were "exonerated of any wrongdoing.[17]"

---

[12] *Hensley*, 461 U.S at 434.
[13] *HRT Properties Trust v. Lingle*, 775 F.Supp.2d 1225, 1241 (D. Hawaii 2011)(internal citations omitted); *Robinson Plourde*, 717 F.Supp.2d 1092,1099 (D. Hawaii 2010); and *In Re Mullins*, 84 F.3d 459,467 (D.C. Cir. 1996)("[T]o avoid reimbursement for duplication of effort, [courts] will deduct the fees incurred by the two lowest-billing attorneys").
[14] *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007)(*for* A party's "failure to provide a persuasive justification for intra-office meetings. The District Court did not err in finding "intra-office conferences to be unnecessary and duplicative").
[15] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. The applicant should exercise 'billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.
[16] 5 G.C.A. § 7111 provides, "The Attorney General's Office or the legal counsel for the government of Guam entity for whom an individual defendant works may represent individual defendants in any action brought under this Chapter. In the event that individual defendants who are officers, agents, contractors, or employees of the government of Guam have private counsel, and are later exonerated of any wrongdoing, then and in that event, the government of Guam, or the financially autonomous government of Guam entity for which the officer or employee works, shall reimburse the defendants for their legal fees.

3. LAP hourly billing rate of $150 and C&C hourly billing rate of $200 are reasonable and in line with the prevailing market rate.[18]

## A. .UNREASONABLE ATTORNEY FEES

### i. Duplicative Billing: Overstaffing & Double billing

4. LAP billed numerous occasions in which one or more of the attorneys consulted and coordinated with one another, often times three attorneys billing different amounts of time for the same conference. While courts have recognized that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort," The District Court of Guam has held this type of billing inappropriate.[19]

5. There are instances where more than two attorneys are billing to review or work on the same document. Courts have found it "unnecessary for more than two attorneys to provide the same services ... [and] fees are reduced accordingly.[20]"

---

[17] The government concedes that defendants meet the dictates of Section 7111. The issue is the amount of fees owed." Opposition p. 3.

[18] In *Sorenson v. Mink*, the Court assessed whether plaintiff's billing rate was reasonable. 239 F. 3d 1140, 1145 (9th Cir. 2001). The Court held, "the "applicable legal standards" for the state hours are the standards for awards under their state statute. Under that statute, fees are based on the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 895, 104 S. Ct. 1541. The rate is reasonable if, the rates""are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n. 11, 104 S. Ct. 1541." Here the court finds that the fees are in line with the community standards. The Court also notes that partnered attorneys from LAP charged the same rate as more junior associates. *See also Santos v. Comacho* (D. Ct. Guam April 23, 2008) at 38 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1392, 1405 (9th Cir.1986) which provides, "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." 796 F.2d at 1405).

[19] *Santos v.Comacho*, (D. Ct. Guam April 23, 2008) at 40. (internal citations omitted)). The Court further stated, "Therefore, when the billing entry indicates a meeting and/or conference among two or more attorneys, the court will only give credit to two of the attorneys, and the other attorney's time is excluded as duplicative." *Id.* at 40. Footnote 116 provides an example in how the court reduces the fee request: The court notes that in several instances the billing entries are "block billed." In such instances, the court therefore has estimated the reduced time by reviewing all of the billing entries of the attorneys who participated in the conference. For example, if there is an interoffice conference between four attorneys, and only one of the attorneys has listed the meeting as taking 0.5 hour and the others have combined other tasks within their billing entry the court will assume the meeting among all counsel was 0.5 hour." *Id.*

[20] *Id.* at 42.

6. LAP overstaffed and double billed on certain tasks, many of which consisted of inter-office conferences.[21] The Court disallows the following requests in attorney's fees:

**LAP**

| Date | Atty | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction of Fee | Task |
|---|---|---|---|---|---|---|---|
| 1/11/06 | ICA | $150/hr | 0.50 | $75.00 | 0.25 | $75.00 | "Conference with Attorney Peter Perez regarding responding to complaint; Telephone conference with Attorney David Lujan regarding same[22] |
| 1/11/06 | PCP | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Conference with Attorney Ignacio Aguigui regarding responding to Complaint.[23] |
| 3/25/06 | DSLW | $150/hr | 0.25 | $0 | 0.25 | $0 | Meeting with Client and Attorney David Lujan regarding answer to Attorney General's Complaint and any possible Cross Claims or Third Party Complaints.[24] |
| 6/12/08 | DSLW | $150/hr | 0.25 | $37.50 | 0.15 | $22.50 | Draft demand for jury trial; Meeting with Attorney David Lujan regarding the same[25] |

---

[21] *Hensley,* 461 U.S at 434; *HRT Properties Trust v. Lingle,* 775 F.Supp.2d 1225, 1241 (D. Hawaii 2011)(internal citations omitted); *Robinson Plourde,* 717 F.Supp.2d 1092,1099 (D. Hawaii 2010); and *In Re Mullins,* 84 F.3d 459,467 (D.C. Cir. 1996) *See Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 949 (9th Cir. 2007)(*for* A party's "failure to provide a persuasive justification for intra-office meetings. The District Court did not err in finding "intra-office conferences to be unnecessary and duplicative").

[22] Two attorneys claimed a fee for a teleconference with one another. Attorney David Lujan (hereinafter "DJL") already claimed a fee for this conference. It has been consistently held, "two professionals cannot bill for attending the same meeting." *HRT Properties Trust v. Lingle,* 775 F.Supp.2d 1225, 1241 (D. Hawaii 2011)(internal citations omitted); *Robinson Plourde,* 717 F.Supp.2d 1092,1099 (D. Hawaii 2010); and *In Re Mullins,* 84 F.3d 459,467 (D.C. Cir. 1996). The task was overstaffed. Thus, the fee request is duplicative and unreasonable. The Court disallows a fee to be claimed by Attorney Ignacio Aguigui (hereinafter "ICA").

[23] Two attorneys claimed a fee for a teleconference with one another. Attorney Ignacio Aguigui already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court disallows a fee to be claimed by Attorney Peter Perez (hereinafter "PCP".

[24] The Court notes that LAP did not charge for Attorney Delia SLW (hereinafter "DSLW"). Two attorneys attended this meeting. Attorney David Lujan was present for the meeting and claimed a fee. This is in line with the case law as provided above.

[25] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court disallows a fee to be claimed by Attorney DSLW.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/7/08 | DSLW | $150/hr | 0.75 | $112.50 | 0.30 | $45.00 | "Conference with Attorney David Lujan[26]" |
| 10/8/08 | DSLW | $150/hr | 0.10 | $15.00 | 0.10 | $15.00 | Conference with Attorney David Lujan regarding result of Pretrial Conference.[27] |
| 10/24/08 | DSLW | $150/hr | 1.25 | $187.50 | 0.25 | $37.50 | "Meeting with Attorney David Lujan regarding pretrial and trial dates"[28] |
| 11/29/08 | DSLW | $150/hr | 1.50 | $225.00 | 0.25 | $37.50 | "Conference with Attorney David Lujan and client regarding case preparation.[29]" |
| 12/18/08 | DSLW | $150/hr | 3.50 | $525.00 | 0.25 | $37.50 | "Teleconference with Attorney David Lujan regarding deposition[30]" |
| 12/23/08 | DSLW | $150/hr | 0.75 | $112.50 | 0.25 | $37.50 | "Teleconference with Attorney David Lujan regarding same[31]" |
| 1/28/09 | ACP | $150/hr | 1.00 | $150.00 | 1 | $150.00 | "Calls and emails with Attorney Delia Lujan; Review emails from Ben Abrams regarding proposed changes.[32]" |
| 1/28/09 | DSLW | $150/hr | 1.25 | $187.50 | 0.25 | $37.50 | "Meeting with Attorney Anthony Perez regarding revisions….[33]" |
| 1/29/09 | DSLW | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Teleconference with Attorney Anthony |

[26] Same.

[27] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court disallows a fee to be claimed by Attorney DSLW.

[28] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.25 hours, the same length of time Attorney DJL claimed.

[29] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.25 hours. Other conferences listed with attorneys have been for .25 hours. The court reduces the request accordingly.

[30] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.25 hours. Attorney DJL claimed 0 .25 hours for the conference, so the court reduces the request accordingly.

[31] Same.

[32] ACP is not an actor in this case. His most recent appearance was in October 2008. It cannot be said that the tasks as described above are useful in ensuring the final result of litigation. This task was overstaffed and unreasonable. This is also an example of "insufficient detail," as LAP has provided no detail of the subject matter of those emails and phone calls. The Court disallows this fee request, in entirety.

[33] Two attorneys claimed a fee for this meeting. Thus, this fee request is unreasonable. Other conferences listed with attorneys have been for .25 hours so the court reduces the request accordingly.

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | Perez regarding OSC hearing.[34] |
| 2/5/09 | LL | $150/ hr | 1.10 | $165.00 | 1.10 | $165.00 | "Review notice of deposition; Review 12.18.08 deposition transcript.[35]" |
| 2/06/09 | LL | $150/ hr | 0.10 | $15 | 0.10 | $15.00 | "Review initial disclosures and amended notice of dispositions[36]" |
| 2/9/09 | DSLW | $150/ hr | 0.25 | $37.50 | 0.15 | $45.00 | "Teleconference with Cunliffe regarding deposition date for Hogan, Tydingco and other discovery issues; Conference with Attorney Delia Lujan regarding discovering notices to issue.[37]" |
| 2/9/09 | DSLW | $150/ hr | 0.25 | $37.50 | 0.15 | $22.50 | "Conference within Attorney David Lujan regarding discovery notices to issue[38]" |
| 2/13/09 | DSLW | $150/ hr | 1.25 | $187.50 | 0.25 | $37.50 | "Meeting with Attorney David Lujan regarding depositions[39]" |
| 2/18/09 | DSLW | $150/ hr | 3.25 | $487.50 | 2.00 | $350.00 | "Teleconference with Attorney Cunliffe regarding deposition of Governor Gutierrez…Conference with Attorney David Lujan, Attorney |

[34] Two attorneys claimed a fee for a conference with one another. ACP claimed a fee for this conference. ACP actually attended the OSC hearing. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. . Other conferences listed with attorneys have been for .25 hours The Court disallows DSLW's fee request, in its entirety.

[35] Two attorneys claimed a fee for the same tasks. Attorney DSLW already claimed a fee for reviewing the notice of deposition on 02/05/09. And DSLW reviewed the 12.18.08 deposition transcript on 1/30/09. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates LL's fee request in the entirety.

[36] This is an example of overstaffing and insufficient detail. For the tasks as described, DSLW already claimed a fee for doing them on 2/05/09. Therefore, This fee is duplicative and unreasonable.

[37] Two attorneys claimed a fee for conferencing with one another. Attorney DSLW claimed a fee for the conference. However, it is commonly held that two attorneys cannot both claim a fee for attending the same meeting. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court denies DJL's fee in the entirety.

[38] This is an example of duplicative billing. Not only was it unnecessary for the conference to occur between DSLW and DJL, Attorney DSLW already claimed a fee for the tasks of reviewing the notice of depositions on 2/5/09.

[39] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.25 hours, the same length of time Attorney DJL claimed.

| Date | Actor | Rate | Hours | Amount | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| | | | | | | | Cunliffe and Carl Gutierrez[40]" |
| 2/19/09 | DSLW | $150/hr | 1.00 | $150.00 | 0.25 | $37.50 | "Teleconference with Attorney David Lujan regarding GMH's objection to subpoena duces tectum[41]" |
| 2/20/09 | DSLW | $150/hr | 2.50 | $375.00 | 0.50 | $75.00 | "Meeting with Attorney David Lujan and client regarding deposition of Phillip J. Tydingco[42]" |
| 2/24/09 | LL | $150/hr | 0.20 | $30.00 | 0.20 | $30.00 | "Review Plaintiff's responses to interrogatories[43]" |
| 3/2/09 | ACP | $150/hr | 0.75 | $112.50 | 0.75 | $112.50 | "Meeting with Attorney Delia Lujan; Attend deposition- deposition cancelled[44]" |
| 3/2/09 | DSLW | $150/hr | 0.10 | $10.00 | 0.05 | $7.50 | "Conference with Attorney Anthony Perez[45]" |
| 3/9/09 | DSLW | $150/hr | 2.00 | $300.00 | 0.30 | $45.00 | "Teleconference with Attorney David Lujan regarding questions for John Pangelinan and Therese Hart.[46]" |
| 3/10/09 | DSLW | $150/hr | 5.00 | $750.00 | 0.50 | $75.00 | "Teleconference with Attorney David Lujan[47]" |

[40] Two attorneys claimed a fee for a conference with one another and Attorney Cunliffe. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. She not only asserted this one, but twice in the same block description. The Court reduces DSLW's fee request by 2 hours.

[41] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable.

[42] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable.

[43] LL is not an actor in this case. This is an example of overstaffing and unnecessary tasks as it cannot be said to ensure the final result of litigation. The Court therefore disallows this fee request, in its entirety.

[44] Two attorneys claimed a fee for a conference with one another. Attorney Delia Lujan already claimed a fee for this conference. Furthermore, court has the discretion to disallow fee requests when two attorneys attend the same meeting. Also, this is an example of tasks that do not further the case since Attorney ACP attended a deposition and it was cancelled. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court disallows a fee to be claimed by Attorney ACP in its entirety.

[45] This meeting was in regards to the cancelled deposition and cannot be said that it was a necessary tasks, ensuring the finality of litigation. Therefore, this task was overstaffed, duplicative and unreasonable. The Court reduces Attorney's DSLW's fee by 0.05.

[46] Two attorneys claimed a fee for a conference with one another. Attorney David Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.30 hours, the same length of time Attorney DJL claimed.

[47] Same. The Court reduces DSLW's fee by 0.50 hours.

| Date | Atty | Rate | Hours | Amount | | | Description |
|---|---|---|---|---|---|---|---|
| 3/13/09 | DSLW | $150/hr | 2.25 | $337.50 | 0.25 | $37.50 | "Conference with Attorney David Lujan regarding status of motion to continue trial[48] |
| 3/16/09 | DSLW | $150/hr | 5.50 | $825.00 | 0.25 | $37.50 | "Teleconference with Attorney David Lujan regarding same…[49] |
| 3/17/09 | DJL | $150/hr | 0.50 | $75.00 | 0.50 | $37.50 | "Conference with Attorney Peter Perez regarding trial and strategy; Conference with Attorney Delia Lujan regarding motion strategy and case history.[50]" |
| 3/17/09 | DSLW | $150/hr | 1.25 | $187.50 | 0.50 | $37.50 | "Conference with Attorney David Lujan;[51]" |
| 3/18/09 | DJL | $150/hr | 0.80 | $120.00 | 0.50 | $75.00 | "Conference with Attorney Delia Lujan and Attorney Peter Perez regarding handling trial.[52]" |
| 3/19/09 | DJL | $150/hr | 0.50 | $75 | 0.25 | $37.50 | "Conference with Attorney Delia Lujan Regarding motions status[53]" |
| 3/19/09 | DSLW | $150/hr | 7.00 | $1,050.00 | 0.25 | $37.50 | "Conference with Attorney Peter Perez regarding status on motions; Conference with Attorney David Lujan regarding opposition to brief[54]" |
| 4/11/09 | DSLW | $150/hr | 1.00 | $150 | 1.00 | $150.00 | "Conference with Attorney David Lujan regarding hearing memo regarding GMH v. Batoyan and |

[48] Same. The Court reduces DSLW's fee by 0.25 hours.

[49] Same.

[50] Three attorneys claimed a fee for a conference with one another. Attorney Peter Perez claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DJL's fee request by 0.50 hours, the same length of time Attorney PCP claimed.

[51] Same. The court reduces DSLW's fee request by 0.50, the same length of time as Attorney PCP claimed.

[52] Attorney DJL had a personal conflict and requested to be excused from the matter. Since the conflict was self-inflicted, the People should not have to bear the cost of this accommodation.

[53] Two attorneys claimed a fee for a conference with one another. Attorney Delia Lujan already claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DJL's fee by 0.25, the same fee requested by Attorney PCP, the first chair from LAP.

[54] Same.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | attachments and strategize regarding use at trial.[55] |
| 4/21/09 | ACP | $150/hr | 0.50 | $75.00 | 0.50 | $75.00 | "Meeting with Attorney Peter Perez; Review file.[56]" |
| 5/8/09 | DSLW | $150/hr | 1.25 | $187.50 | 0.50 | $37.50 | "Review email from Atty. Ben Abrams regarding responding to OSC; Prepare for and attend OSC hearing.[57]" |
| 6/04/09 | ACP | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Meeting with Attorney Peter Perez and Attorney Delia Lujan regarding Findings of Fact and Conclusions of Law[58]" |
| 6/04/09 | PCP | $150/hr | 1.00 | $150.00 | 1.00 | $150.00 | "Review Decision and Order; Conference with Attorney David Lujan; Meeting with Attorney Anthony Perez and Attorney Delia Lujan regarding Findings of Fact and Conclusions of Law.[59]" |
| 6/18/09 | DSLW | $150/hr | 0.50 | $75.00 | 0.50 | $75.00 | "Meetings with Attorney Peter Perez[60]" |
| 6/23/09 | DJL | $150/hr | 0.50 | $75.00 | 0.50 | $75.00 | "Conference with Attorney Peter Perez[61]" |
| 6/25/09 | DSLW | $150/hr | 0.10 | $15.00 | 0.10 | $15.00 | Review email form Attorney Peter Perez regarding law clerk's possible reemployment |

[55] Same. The Court eliminates DSLW's fee request in its entirety.

[56] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates ACP's fee request in its entirety.

[57] Two attorneys claimed a fee for this OSC hearing. Attorney PCP claimed a fee for appearing at the OSC. DSLW merely attended the hearing. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates DSLW's fee request in its entirety.

[58] Three attorneys claimed a fee for a conference with one another. Attorney DSLW claimed a fee for this conference and drafted the final email to the client explain the Court's ruling. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates ACP's fee request in its entirety.

[59] Same.

[60] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates DSLW's fee request in its entirety.

[61] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates DJL's fee request in its entirety.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | with Attorney General's Office[62] |
| 7/13/09 | DSLW | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Conference with Attorney Peter Perez regarding Stay of Judgment[63]" |
| 8/03/09 | DSLW | $150/hr | 0.25 | $37.50 | 0.15 | $22.50 | "Review Notice of Hearing regarding Costs and Notice of Motion and Motion for Reconsideration or in the Alternative for a New Trial.[64]" |
| 8/7/09 | PCP | $150/hr | 1 | $150.00 | 0.25 | $37.50 | "Conference with Attorney Peter Perez[65]" |
| 8/7/09 | DSLW | $150/hr | 4.00 | $525.00 | 0.50 | $75.00 | "…Meeting with Attorney Peter Perez regarding same.[66]" |
| 10/06/09 | DJL | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Conference with Attorney Cunliffe.[67]" |
| 10/13/09 | DJL | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | Teleconference with Attorney Peter Perez[68] |

### ii. Excessive Hours

7. . The prevailing party still "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary.[69]"

8. LAP spent an excessive amount of time on certain tasks that are commonly known to be simplistic in nature.[70]

---

[62] This is an example of overstaffing. Attorney PCP e-mailed Attorney DSLW and charged for it. Attorney DSLW charged for reading the same e-mail on a subject matter not necessary in ensuring the final result of litigation. Thus, the Court eliminates this fee request in its entirety.

[63] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates DSLW's fee request in its entirety.

[64] Delia already reviewed the Motion for Reconsideration or in the Alternative for new Trial on 7/30/09 The task was double-billed. Therefore this request is unreasonable and disallowed in its entirety.

[65] Three attorneys claimed a fee for a conference with one another. Attorney DJL claimed a fee for this conference. DJL had a conference with PCP and then PCP had a conference with DSLW about the same issues. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces PCP's request by 0.25 hours, the amount of time claimed by DJL.

[66] Same.

[67] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court eliminates DJL's fee request in its entirety.

[68] Same.

[69] *Hensley*, 461 U.S. at 434.

9. The Court disallows **the following requests for** in attorney's fees as they are excessive:

## LAP

| Date | Atty | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction of Fee | Task |
|------|------|------|----------------|---------------|--------------------|--------------------|------|
| 10/9/08 | DJL | $150/hr | 4.50 | $675.00 | 2.50 | $412.50 | Prepare letter to Attorney General; Prepare 3 notices to depose, Tydingco, John A B Pangelinan and D. Alicto; Prepare new scheduling order; Conference with client; Prepare Witness List[71] |
| 3/5/09 | DSLW | $150/hr | 3.00 | $450.00 | 1.00 | $150.00 | "Draft email to Attorney Abrams regarding scheduling client's deposition; Review email from Attorney Abrams regarding his response to request for production of documents; Draft reply regarding same; Review reply email from Attorney Abrams regarding same; Review Attorney General's response to request for production of documents and attached documents.[72] |

### iii. Inadequate Detail

10. The applicant should exercise 'billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.[73]" While it is not necessary to provide extensive detail, "counsel should identify the general subject matter of his time expenditures.[74]"

11. Certain fee requests lack adequate detail to render the request reasonable. Therefore, The Court disallows the following requests for attorney's fees, as follows:

---

[70] *Id.* providing Discretion rests with the Court to determine reasonableness.
[71] This request is excessive based on the nature of the work as described.
[72] Same
[73] *Id.*
[74] *Id.* at 437 n. 12.

**C&C**

| Date | Atty | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|---|---|---|---|---|---|---|---|
| 6/5/09 | FRC | $200/hr | 0.50 | $150.00 | 0.20 | $40.00 | "Conference with Joshua Tenorio[75]" |
| 10/1/09 | FRC | $200/hr | 0.25 | $50.00 | 0.25 | $50.00 | "Phone Conference with Peter Perez[76]" |
| 10/12/09 | FRC | $200/hr | 0.25 | $50.00 | 0.25 | $50.00 | "Phone Conference with Peter Perez[77]" |

**LAP**

| Date | Atty | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|---|---|---|---|---|---|---|---|
| 1/28/09 | ACP | $150/hr | 1.00 | $150.00 | 1.00 | $150.00 | "Calls and emails with Attorney Delia Lujan; Review emails from Ben Abrams regarding proposed changes.[78]" |
| 1/30/09 | DJL | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "2.13.09[79]" |
| 1/30/09 | ACP | $150/hr | 0.75 | $112.50 | 0.75 | $112.50 | "Review scheduling order; Email Attorney Delia Lujan; Meeting with Attorney David Lujan[80]" |

### iv. Unnecessary Tasks & Tasks that do not Advance the Case

12. "Work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.[81]" Tasks that do not advance the case are also unreasonable

---

[75] Joshua Tenorio is not an attorney in this matter and was not a proposed witness. There is insufficient detail to make this fee request reasonable and the Court disallows this fee request accordingly.

[76] C&C fails to provide details pertaining to the substance of the call or how this conference is in the furtherance of the finality of litigation.

[77] Same.

[78] This description lacks sufficient detail. The request is therefore unreasonable. The last time Atty ACP worked on the matter was on 10/6/08. He is an actor in ensuring the final result of litigation.

[79] This description lacks sufficient detail. The request is therefore unreasonable. LAP only provides a date to describe the work completed.

[80] This description lacks sufficient detail. The request is therefore unreasonable. Prior to this week, Atty ACP's lack work on he matter was on 10/6/08 and was not an actor in ensuring the final result of litigation.

[81] *Hensley*, 461 U.S. at 435 (internal citations omitted).

as they are not useful and of the type ordinarily necessary" to ensure the final result of litigation.[82]

13. The Government correctly states, that "clerical tasks are simple tasks that do not require professional evaluation."

14. The Court disallows the following fee requests, as they are fee requests for time spent on unnecessary tasks:

**C&C**

| Date | Atty. | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|------|-------|------|----------------|---------------|--------------------|------------------|------|
| 2/20/09 | FRC | $200/hr | 0.30 | $60.00 | 0.30 | $60.00 | "Deposition of Phil Tydingco- cancelled[83]" |
| 4/09/09 | JAC | $200/hr | 1.00 | $200.00 | 1.00 | $200.00 | "Legal Research re: privilege to slander in court pleading[84] |

**LAP**

| Date | Atty | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|------|------|------|----------------|---------------|--------------------|------------------|------|
| 7/09/04 | ICA | $150/hr | 0.10 | $15.00 | 0.10 | $15.00 | "Telephone message from Client to Return call[85]" |
| 8/16/04 | JB | $150/hr | 1.00 | $150.00 | 1.00 | $150.00 | "Review of Attorney General's memorandum Conceding Partial Summary Judgment; teleconference with Attorney Ignacio Aguigui and Attorney David Lujan regarding the same.[86]" |
| 4/3/06 | JSB | $150/hr | 1.00 | $150.00 | 1.00 | $150.00 | "Conference with Attorney Peter Perez regarding presentence investigation report; |

---

[82] *Webb v. Bd. Of Educ. Of Dyer County; see also Santos (citing See Jordan v. Multnomah County,* 815 F.2d 1258, 1263 n. 8 (9th Cir.1987) (noting that a fee claimant must show that counsel made a good faith effort to exclude hours that are excessive, redundant or unnecessary).

[83] A cancelled deposition does not advance the case. The Court disallows this fee as an unreasonable request.

[84] Inquiry into an ancillary legal issue to spring new litigation does not advance the current case. The Court disallows this fee as an unreasonable request.

[85] This task is clerical in nature, as it does not require an attorney to complete the task. See *Santos v. Camacho,* the District Court of Guam determined that "processing various tasks" involved secretarial duties that would ordinarily be absorbed by the firm. (D. Ct. Guam April 23, 2008) at 20.

[86] Attorney JB/JSB is an attorney not admitted in the Territory of Guam.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | Legal research into guidelines question posed by Attorney Peter Perez; Memo to Attorney Peter Perez regarding possible mitigating role issue; analyze impacts on Civil Case.[87]" |
| 9/3/08 | DSLW | $150 /hr | 0.10 | $15.00 | 0.10 | $15.00 | "Check deposition time for client requested by Attorney General[88]" |
| 9/30/08 | DSLW | $150 /hr | 1.00 | $150.00 | 0.20 | $30.00 | "...Draft emails to Carlyn Torres regarding need to draft stipulation and order to continue pretrial and trial dates and reasons for continuance.[89]" |
| 10/6/08 | RPST | $150 /hr | 1.00 | $150.00 | 1.00 | $150.00 | "Conference with Attorney Anthony Perez regarding case and continuance status; Attendance at pretrial conference; make notes to file.[90]" |
| 1/30/09 | DSLW | $150 /hr | 1.00 | $150.00 | 1.00 | $150.00 | "Review client's 12/18/08 deposition transcript.[91]" |

## B.   UNREASONABLE COSTS

### i.  Overhead

15. Courts may reduce costs, which qualify as overhead. In *Santos v. Camacho,* the District Court of Guam determined that "processing various tasks" involved secretarial duties that would ordinarily be absorbed by the firm.[92]

16. Counsel for Defendant Gutierrez rescheduled a hearing for personal reasons. C&C filed a" Stipulation and Order to Continue Hearing on Motion to Consolidate," a cost of

---

[87] Same.

[88] This task is clerical in nature, as it does not require an attorney to complete the task.

[89] This task is clerical in nature, as it does not require an attorney to complete the task.

[90] Atty RPST plays no role in the furtherance of litigation in this case. It is not reasonably expended, and not useful to ensure the final result of litigation.

[91] This was not in the furtherance of litigation.

[92] (D. Ct. Guam April 23, 2008) at 20.

$10.00. This is an unreasonable cost request that should be absorbed by the firm.[93] Passing this fee to the client is not proper. It does not advance the case.

17. Counsel for Defendant Lujan cancelled a court reporter. The cost request states "Mar-31-09, Cecille Flores Inv. CAF045-09-Cancellation Fee, $125." This, too, is an unreasonable cost request that should be absorbed by the firm.[94] It is not a reasonable cost in the furtherance of litigation and Defendant Lujan was the cause of the fee.

18. C&C and LAP's "mileage" requests are in actually costs to serve subpoenas. These are not overhead. These reasonable fee requests are allowed as described below:

**C&C**

| Date | Description | Fee Requested |
|------|-------------|---------------|
| 4/21/09 | Robert Kono-witness fee and mileage re: subpoena for trial | $35.00 |

**LAP**

| Date | Description | Fee Requested |
|------|-------------|---------------|
| 3/17/2009 | Inv.#2009-01-1346- Subpoena- Therese Hart | $45.00 |
| 3/17/2009 | Inv.#2009-01-1346- Subpoena-John AB Pangelinan | $45.00 |
| 3/17/2009 | Inv.#2009-01-1346-Subpoena- GMHA Administrator | $45.00 |
| 4/27/09 | Inv.#2009-01-1394 CV 05068-09-Subpoena- Rey Vega | $45.00 |

19. C&C's request for gross receipts tax is "overhead not chargeable to client." These overhead costs, totaling $1,335.40, are disallowed. C&C did not meet their burden to justify an award.

[93] C&C is requesting $10 in costs, entitled "Superior Court of Guam- filling fee of stipulation and Order to Continue Hearing on Motion to Consolidate on January 18, 2005." Declaration of the Defendant Carl T.C. Gutierrez in Support of Request for Payment of Attorney's Fees, Interim Bill, p. 10. The Government argues that this costs should be disallowed because it was "counsel ['s] family emergency." Plaintiff's Response to Defendant's Submissions in Support of Request for Payment of Attorney's Fees, Ex. 4.
[94] LAP is requesting $125.95 for the cancellation fee of the court reporter.

### ii. Photocopying and Facsimiles

20. Courts are inclined to award photocopying costs as long as these costs are not excessive and are reasonably relate to the litigation. [95]

21. However, Courts have also found "there is no way for this court to determine whether the photocopying costs were necessary and/or reasonable" when counsel provides "an over simplified, general summary of expenses....monthly sums for photocopying and facsimiles.... no description of the documents photocopied or the costs per page charged.[96]"

22. In *Santos*, the District Court of Guam could not "determine whether the photocopying costs were necessary and/or reasonable.[97]" The Court noted, "[c]ounsel provid[ed] the court with an oversimplified, general summary of expenses and facsimiles." *Id.* The Court held "this kind of supporting documentation is clearly inadequate.

23. There is no description of the documents photocopied or the costs per page charged. In this case, the Government argues that that LAP has not provided adequate detail aside from listing monthly sums.

24. This is insufficient, making this cost request unreasonable. The court disallows all photocopying requests by LAP as follows:

### LAP

| Date | Description | Fee Requested |
|---|---|---|
| 12/31/08 | Facsimiles for December 2008 | $1.25 |
| 2/27/09 | Facsimiles for February 2009 | $3.00 |
| 4/30/06 | Photocopies for April 2006 | $226.20 |
| 4/30/06 | Facsimiles for April 2006 | $12.80 |

---

[95] *Santos*, 2008 WL 8602098, at *43 (citing *In re Media Vision Tech. Serv. Sec. Litig.*, 913 F. Supp. 1362, 1368 (N.D. Cal 1996)).
[96] *Id.*
[97] *Santos, at 43.*

| | | |
|---|---|---|
| 5/31/06 | Photocopies for May 2006 | $1.00 |
| 10/31/06 | Photocopies for October 2006 | $13.40 |
| 11/30/06 | Facsimiles for November 2006 | $1.20 |
| 11/30/06 | Photocopies for November 2006 | $27.20 |
| 12/31/06 | Photocopies for December 2006 | $27.20 |
| 1/31/07 | Photocopies for October 2007 | $0.25 |
| 4/30/08 | Photocopies for April 2008 | $0.50 |
| 6/30/08 | Photocopies for June 2008 | $0.50 |
| 08/31/08 | Facsimiles for Oct. 2008 | $1.00 |
| 11/30/08 | Facsimiles for Nov. 2008 | $2.00 |
| 3/31/09 | Facsimiles for March 2009 | $1.00 |
| 4/30/09 | Facsimiles for April 2009 | $5.00 |
| 5/31/09 | Facsimiles for May 2009 | $0.50 |
| 6/30/09 | Facsimiles for June 2009 | $1.50 |
| 8/31/09 | Photocopies for Aug. 2009 | $0.50 |
| 10/31/09 | Photocopies for October 2009 | $218.75 |
| 11/30/09 | Photocopies for November 2009 | $1.75 |
| 12/31/09 | Photocopies for Dec. 2009 | $2.75 |

25. The Court allows all of C&C's fee requests for photocopying as they are sufficiently described.[98]

26. The Court allows costs for all other filing fees.

## C. APPELLATE ATTORNEY FEES & COSTS

27. Pursuant to Rule 13 of the Guam Rules of Appellate Procedure:

> "[a]ny party in a civil case who intends to seek attorney fees for the appeal must include a short statement to that effect and must identify the authority under which the attorney's fees will be sought. Failure to comply with this provision may constitute a waiver of such fees.[99]"

---

[98] It should also be noted that The Government did not object to the descriptions of C&C costs for photocopying.
[99] Guam R. App. P 13(k)

28. The Notice of Appeal was filed on October 14, 2009. All tasks completed by attorneys after that date were in preparation for appeal.

29. Since the parties failed to comply with Rule 13, the Court disallows the follow fee & Costs requests:

### C&C Appellate Attorney's Fees Requests

| Date | Atty. | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|---|---|---|---|---|---|---|---|
| 10/15/09 | JAM | $200/ hr | 1.00 | $200.00 | 1.00 | $200.00 | Review file re: motion to tax costs hearing |
| 10/16/09 | JAM | $200/ hr | 0.50 | $100.00 | 0.50 | $100.00 | Court Hearing re: motion on bill of cost |
| 12/14/09 | FRC | $200/ hr | 0.30 | $80.00 | 0.30 | $60.00 | Court hearing re: motion |
| 5/25/10 | FRC | $200/ hr | 0.40 | $80.00 | 0.40 | $80.00 | Preparation of motion for extension; Phone conference with Peter Perez |
| 7/30/10 | FRC | $200/ hr | 0.40 | $80.00 | 0.40 | $80.00 | Review decision re costs; Review declaration of service |
| 6/27/11 | FRC | $200/ hr | 1.25 | $250.00 | 1.25 | $250.00 | Review Order |
| 6/28/11 | FRC | $200/ hr | 0.75 | $150.00 | 0.75 | $150.00 | Review Court decision; Phone |

### LAP Appellate Attorney's Fees Requests

| Date | Atty. | Rate | Hrs. Requested | Fee Requested | Reduction to Hours | Reduction to Fee | Task |
|---|---|---|---|---|---|---|---|
| 10/16/09 | PCP | $150/ hr | 0.25 | $37.50 | 0.15 | $22.50 | "…Review Notice filed 10/14/09 enclosing docket sheet…[100]" |
| 10/23/09 | DSLW | $150/ hr | 0.75 | $112.50 | 0.25 | $37.50 | "Meeting with Attorney Peter Perez regarding filing requests for transcripts for hearing…[101]" |

[100] Two attorneys reviewed the same document and conferenced about it. This is an example of overstaffing when Attorney DSLW was appointed to attend the hearing on Bill of Costs. This fee request is duplicative and unreasonable. And the Court reduces PCP's fee request by 0.15 hours.

[101] Two attorneys claimed a fee for a conference with one another. Attorney PCP claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DSLW's fee request by 0.25 hours.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/7/09 | PCP | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Meeting with Attorney Delia Lujan regarding Joint Response[102]" |
| 1/27/09 | LL | $150/hr | 1.50 | $225.00 | 1.50 | $225.00 | "Review deposition transcript[103]" |
| 7/29/10 | DJL | $150/hr | 0.25 | $37.50 | 0.25 | $37.50 | "Teleconference with Attorney Delia Lujan regarding Declaration of Service...teleconference with Attorney David Lujan regarding same.[104]" |

## Appellate Cost Requests

30. C&C's request for the costs of transcripts, totaling $3,597.00 with half going to LAP. These fee requests are unreasonable as it was in preparation of the appeal and conducted on the same day that LAP filed their notice to appeal.

31. LAP's request for the cost of the Deposition of John Pangelinan, totaling $1,084.39 is also an unreasonable request as this deposition was taken in preparation of the appeal.[105]

32. LAP's various requests for "depo resources" are unreasonable as LAP has failed to meet its burden in providing supporting documentation and adequate detail as to what these costs included. The follow requests are disallowed by the Court:

---

[102] Two attorneys claimed a fee for a conference with one another. Attorney DSLW claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces PCP's fee request by 0.25 hours.

[103] Attorney DJL already claimed a fee for this task on 1/30/09. The Court disallows this fee request, in its entirety.

[104] Two attorneys claimed a fee for a conference with one another. Attorney DSLW claimed a fee for this conference. For the same rationale as stated above, the task was overstaffed. Therefore, the fee request is duplicative and unreasonable. The Court reduces DJL's fee request in its entirety.

[105] Declaration of Defendant Davina M. Lujan in Support of Request for Payment of Attorney's Fees, Billing for Costs pg. 2.

| Date | Description | Fee Requested |
|------|-------------|---------------|
| 7/08/09 | Depo Resources Inv. | $117.10 |
| 7/08/09 | Depo Resources Inv. | $142.40 |
| 7/08/09 | Depo Resources Inv. | $142.60 |
| 7/08/09 | Depo Resources Inv. | $114.65 |
| 8/17/09 | Depo Resources Billing- Inv. 09050 | $430.75 |
| 8/17/09 | Depo Resources Billing- Inv. 09091 | $117.65 |

For the reasons stated herein, this Court **GRANTS** Defendants' Motion For Attorney's Fees and Costs and **AWARDS** Defendants attorney's fees and costs as follows:

(1) the Law Offices of Cunliffe and Cook is awarded $29,620.00 in attorney's fees and 175.60 in costs; and

(2) the Law Offices of Lujan Aguigui & Perez LLP is awarded $77,505.79 in attorney's fees and $515.50 in costs.

**IT IS SO ORDERED** this 10th of December, 2012.

_R Benson_
_____
**HONORABLE RICHARD H. BENSON**
Senior Pro Tempore Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of the Dated at Hagatna, Guam

DEC 10 2012

Joseph L Bamba
Deputy Clerk, Superior Court of Guam